IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GISELA DOMINGUEZ,

    Plaintiff,

vs.       CIV No. 14-626 CG

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Plaintiff Gisela Dominguez's *Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum* ("Motion"), (Doc. 15), filed February 20, 2015; Defendant's *Brief in Response to Plaintiff's Motion to Reverse and Remand the Agency's Administrative Decision* ("Response"), (Doc. 19), filed May 21, 2015; and Plaintiff's *Reply to Brief in Response to Plaintiff's Motion to Reverse and Remand* ("Reply"), (Doc. 20), filed May 29, 2015.

Ms. Dominguez filed an application for disability insurance benefits and supplemental security income on September 2, 2009, alleging disability beginning November 26, 2007. (Administrative Record ("AR") 164-70, 171-77). Both applications were denied initially on November 4, 2009, (AR 94-97, 98-101), and again upon reconsideration on April 19, 2010. (AR 102-03, 104-05). Ms. Dominguez filed a request for a hearing on August 19, 2010, (AR 109-10); a hearing occurred on July 15, 2011 before Administrative Law Judge ("ALJ") David R. Wurm. (AR 51-83). Ms. Dominguez

and Mary Diane Weber, an impartial vocational expert ("VE"), testified at the hearing. (AR 38, 51-83). Ms. Dominguez was unrepresented by counsel. (*Id.*). The ALJ issued an unfavorable decision on September 20, 2011, (AR 38-46), finding that Ms. Dominguez was not disabled under the Social Security Act from November 26, 2007 through the date of the decision. (AR 46). Ms. Dominguez filed an application for review by the Appeals Council on April 18, 2012, (AR 28), which was summarily denied, (AR 1-7), making the decision of ALJ Wurm the final decision of the Commissioner of the Social Security Administration (the "Commissioner") for purposes of this appeal.

Ms. Dominguez argues that the ALJ committed reversible, legal error by failing to: (i) properly evaluate the medical opinions of Ms. Dominguez's treating neurologist and other non-examining physicians; (ii) render a complete and correct past work finding; and (iii) develop the record, especially with regard to Ms. Dominguez's mental impairment. (Doc. 15 at 4).

The Court has reviewed the Motion, the Response, the Reply, and relevant law. Additionally, the Court has meticulously reviewed and considered the entire administrative record. Because the ALJ did not apply the correct legal standard when evaluating the medical opinion of Ms. Dominguez's treating neurologist, the Court finds that the Motion should be **GRANTED** and that this case be **REMANDED** to the Commissioner for further proceedings.

I.   **Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir.

2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992)). If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief.  *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, not the Appeals Council's denial of review. 20 C.F.R. § 404.981; *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley,* 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. While a court may not re-weigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## II.     Applicable Law and Sequential Evaluation Process

For purposes of disability insurance benefits and supplemental security income, a person establishes a disability when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a). In light of this definition for disability, a five-step sequential evaluation process has been established for evaluating a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

At the first four steps of the SEP, the claimant has the burden to show that: (1) he is not engaged in "substantial gainful activity"; (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and (3) his impairment(s) either meet or equal one of the "Listings"[1] of presumptively disabling impairments; or (4) he is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If the ALJ determines the claimant cannot engage in past relevant work, she will proceed to step five of the evaluation process. At step five the burden of proof shifts to the Commissioner to show the claimant is able to perform other work in the national economy, considering his RFC, age, education, and work experience. *Grogan*, 399 F.3d at 1257.

## III.    Background

Ms. Dominguez alleged disability beginning November 26, 2007, because of

---

[1] 20 C.F.R. pt. 404, subpt. P, app. 1.

4

back problems, rheumatoid arthritis, a left hip injury, carpal tunnel syndrome, depression, and headaches. (AR 102, 104). Ms. Dominguez claims that the pain stemming from these impairments restricts her mobility, and the medication she takes in order to control the pain makes her drowsy. As a result, she has been unable to work full-time.

At step one, the ALJ found that Ms. Dominguez had not engaged in substantial gainful activity since the alleged onset date of November 26, 2007. (AR 40). At step two, the ALJ concluded that Ms. Dominguez was severely impaired by degenerative disc disease, a history of carpal tunnel disease, an injury to the left hip, and obesity. (AR 40-42). The ALJ found Ms. Dominguez's medically determinable impairments of depression and anxiety to be non-severe. (AR 41). At step three, the ALJ determined that none of Ms. Dominguez's impairments, solely or in combination, met or medically equaled the severity of one of the listed impairments in 20 CFR §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, or 416.926. (AR 42-43).

The ALJ proceeded to step four. The ALJ found that Ms. Dominguez's statements as to the intensity, persistence, and limiting effects of her symptoms were not credible to the extent they were inconsistent with his RFC assessment. (AR 18). He based this finding on Ms. Dominguez's testimony, her daily activities, and past work efforts. (AR 43-45). The ALJ considered objective medical evidence, including treatment notes from several of Ms. Dominguez's physicians, cervical and lumbar MRIs, x-rays of the spine, electrodiagnostic testing, and physical examinations. (AR 44).

The ALJ discussed the medical opinion of Ms. Dominguez's treating neurologist Pawan Jain, M.D. The ALJ determined that Dr. Jain's opinion that Ms. Dominguez is

disabled was not entitled to controlling weight, and implicitly rejected the opinion without explaining how much weight he would afford it, or his reasons for doing so. (AR 45). The ALJ then afforded "some weight" to the residual functional capacity assessments of state agency physicians. (*Id.*).

The ALJ ultimately found that Ms. Dominguez had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that she should: (i) avoid climbing ladders, ropes, or scaffolds; (ii) only occasionally stoop, crouch, kneel, or crawl; (iii) only occasionally reach overhead; (iv) be limited to frequent handling and fingering; and (v) not be required to complete complex tasks with multi-step instructions. (AR 43). The ALJ then explained that, based on the testimony from the VE, Ms. Dominguez is able to perform her past relevant work as an office clerk and cashier. (AR 45). Accordingly, he found that Ms. Dominguez is not disabled under the Social Security Act. (AR 46).

## IV.   Analysis

Ms. Dominguez argues that the ALJ committed legal error by failing to properly evaluate Dr. Jain's medical opinion. (Doc. 15 at 6-9). First, Ms. Dominguez argues that the ALJ erred in assessing whether to give Dr. Jain's opinion controlling weight. (Doc. 15 at 9-11). She maintains that the ALJ's reasoning for not giving the opinion controlling weight was faulty, or otherwise unsupported by the record. (*Id.*; Doc. 20 at 2-3). Second, Ms. Dominguez contends that the ALJ failed to state what lesser weight he would afford Dr. Jain's opinion, and his reasons for doing so, in violation of the Regulations. (Doc. 15 at 11).

The Commissioner responds that the ALJ properly evaluated Dr. Jain's opinion.

As an initial matter, the Commissioner argues that Dr. Jain's assessment was not a true medical opinion because it was a statement on an issue reserved to the Commissioner, and therefore was not entitled to controlling weight. (Doc. 19 at 7-8). Furthermore, the Commissioner contends that, in any event, the ALJ's reasons for not giving Dr. Jain's opinion controlling weight are supported by substantial evidence. (Doc. 18 at 8-9). Finally, the Commissioner maintains that the ALJ also provided reasons for discounting Dr. Jain's opinion altogether, and therefore did not err in his analysis. (Doc. 18 at 9-10).

### A. The Treating Physician Rule

In making the RFC determination, an ALJ must consider all evidence in the record, although he is not required to discuss every piece of evidence in his decision. *Clifton v. Charter*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). However, the ALJ "must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Id.* (citing *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984)); *see also Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001). In the absence of findings supported by specific weighing of the evidence in the record, the ALJ leaves the Court unable to assess whether relevant evidence adequately supports his conclusion. *Clifton*, 79 F.3d at 1009; *Threet v. Barnhart*, 353 F.3d 1185, 1190 (10th Cir. 2003).

Specifically, the Social Security Regulations require the ALJ to evaluate every medical opinion in the record. *See* 20 C.F.R. §§ 404.1527(b), 416.927(b). Generally, the ALJ will give more weight to the medical opinions of a claimant's treating physicians. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). In deciding how much weight to give a treating source opinion, "the ALJ must complete a sequential two-step inquiry, each

step of which is analytically distinct." *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011).

First, the ALJ must initially determine whether a treating physician's opinion is to be accorded "controlling weight." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). "Such an opinion must be given controlling weight if it is well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record." *Kauser*, 638 F.3d at 1330 (citing *Watkins*, 350 F.3d at 1300). "If the opinion is deficient in either of these respects, it is not to be given controlling weight." *Id.*

Second, if the opinion is not accorded controlling weight, "the ALJ must make clear how much weight the opinion is being given. . .and give good reasons. . .for the weight assigned." *Kauser*, 638 F.3d at 1330 (citing *Watkins*, 350 F.3d at 1300-01). "Thus, a deficiency as to the conditions for controlling weight *raises the question* of how much weight to give the opinion, it does not resolve the latter, distinct inquiry." *Id.* at 1330-31 (citing *Langley*, 373 F.3d at 1120). Indeed, "even if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [the Regulations]." *Langley*, 373 F.3d at 1119 (internal citations and quotations omitted). This set of factors is summarized as follows:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins*, 350 F.3d at 1300–01; *see* 20 C.F.R. §§ 404.1527(c)–(d), 416.927 (c)–(d). The ALJ must give good reasons—reasons that are "sufficiently specific to [be] clear to any subsequent reviewers"—for the weight that he ultimately assigns to the opinions. *Langley*, 373 F.3d at 1119 (citations omitted).

    B.  <u>The ALJ's Analysis of Dr. Jain's Opinion</u>

Here, Dr. Jain, Ms. Dominguez's treating physician, wrote a letter on Ms. Dominguez's behalf in which he provided her diagnoses and prognosis.[2] (AR 391). He stated that Ms. Dominguez "is disabled due to chronic pain and arthritis, because activities cause her increased pain. Neurological examination, decreased reflexes in arm and legs, and also has par spinal muscle spasm." (*Id.*).

In evaluating Dr. Jain's opinion, the ALJ first noted that, given that Dr. Jain opined that Ms. Dominguez was disabled because physical activities caused her increased pain, the ALJ expected Dr. Jain to place restrictions on Ms. Dominguez. (AR 45). The ALJ then stated that he did not give Dr. Jain's opinion controlling weight because he does not find it to be well-supported, and it is inconsistent with other medical evidence of record. (*Id.*). Additionally, the ALJ explained that the opinion seems to rest largely on an assessment of an impairment outside Dr. Jain's area of expertise – "[h]e is a neurologist, not a rheumatologist." (*Id.*). The ALJ also stated that Ms. Dominguez had indicated at the hearing that Dr. Jain had only examined her once, even though he had seen her several times. (*Id.*).

After determining that Dr. Jain's opinion was not entitled to controlling weight, the ALJ did not state how much weight he would afford Dr. Jain's opinion, or explain his

---

[2] The parties do not dispute that Dr. Jain was one of Ms. Dominguez's treating physicians. (*See* Doc. 19 at 7).

reasons for doing so. As a result, the Court must remand this case because it cannot meaningfully review the ALJ's determination. *Krauser*, 638 F.3d at 1331.

In her Response, the Commissioner seems to suggest that the ALJ considered whether Dr. Jain's opinion was well-supported and consistent with other medical evidence in determining whether to give it controlling weight, and in determining what lesser weight it should be afforded. (Doc. 19 at 7). While the level to which the opinion is supported by clinical findings and other medical evidence in the record may be relevant, the determination as to how much weight to give the opinion is nevertheless its own separate inquiry, one which the ALJ simply did not address. Although the ALJ discussed these factors in determining whether to give Dr. Jain's opinion controlling weight, he was not entitled to completely reject the opinion on that basis. *Langley*, 373 F.3d at 1120. Therefore, because the ALJ failed to articulate the weight, if any, he gave Dr. Jain's opinion, and to explain the reasons for assigning that weight, he committed reversible legal error. *Watkins*, 350 F.3d at 1301.

The Commissioner also argues that Dr. Jain's statement that Ms. Dominguez was "disabled" is not considered a medical opinion as defined by the Regulations, and therefore does not trigger the treating physician analysis. To be sure, medical assessments that "go beyond purely medical findings to reach 'issues reserved to the Commissioner' – such as the claimant's RFC…and the ultimate question of disability – 'are not medical opinions.'" *Lakey v. Barnhart*, No. 04-7041, 127 Fed. Appx. 455, 457 (10th Cir. Apr. 5, 2005) (unpublished) (citing 20 C.F.R. § 404.1527(e)). Indeed, "the agency will not give any special significance to the source of an opinion on issues reserved to the Commissioner." *Id.* (internal citations omitted). Nevertheless, the ALJ

10

must evaluate all evidence in the record that is relevant to the question of disability, "including opinions from medical sources about issues reserved to the Commissioner." *Id.* (citing Social Security Ruling ("SSR") 96-5P, 1996 WL 374183, at *3). Thus, although Dr. Jain's letter includes a statement on an issue reserved to the Commissioner—that Ms. Dominguez is disabled due to her symptoms—and his opinion could not be afforded controlling weight, his findings remain probative evidence that must be evaluated. *Lakey*, 127 Fed. Appx. at 457.

Furthermore, while that may have been a legitimate factor for the ALJ to consider in weighing Dr. Jain's opinion, the ALJ did not, in fact, use this factor. Therefore, the Court does not accept this reasoning, as the Commissioner's *post hoc* arguments cannot supplement the ALJ's decision. *See Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007).

In addition to this legal error, Ms. Dominguez argues, and the Court agrees, that the reasons the ALJ provided for his finding that Dr. Jain's opinion is not entitled to controlling weight are insufficient or not supported by substantial evidence.

First, the ALJ does not explain how the lack of restrictions placed on Ms. Dominguez is relevant to whether he should afford Dr. Jain's opinion controlling weight. "In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and *not due to his or her own credibility judgments, speculation or lay opinion.*" *Langley*, 373 F.3d at 1121 (citing *McGoffin v. Barhnhart*, 288 F.3d 1248 1252 (10th Cir. 2002)).

Second, while the ALJ asserts that Dr. Jain's medical opinion is not well-supported, he does so in a consclusory fashion, and precludes this Court from conducting any meaningful review of his analysis. *See Kauser*, 638 F.3d at 1331. In fact, from the ALJ's decision there is nothing to indicate Dr. Jain's opinion is not well-supported. Dr. Jain references MRIs of her cervical and lumbar spine for her degenerative disc disease. (AR 325, 402). Additionally, Dr. Jain's treatment notes from his neurological examinations consistently reflect loss of lumbar and cervical lordosis, kyphosis of the cervical spine, positive straight leg raising, and tenderness in the cervical and thoracic spine. (AR 327-29, 330-32, 393-94, 395-96).

Third, the ALJ states that "the other examining medical evidence of record does not support Dr. Jain's opinions with clinical signs and findings consistent with Dr. Jain's opinion." (AR 45). When an ALJ determines that a treating physician's opinion is inconsistent with other medical evidence, the ALJ must "examine the other physicians' reports to see if they outweigh the treating physician's report, not the other way around." *Hamlin*, 365 F.3d at 1215 (quotation omitted). Indeed, "[t]he treating physician's opinion is given particular weight because of his "unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Doyal*, 331 F.3d at 762 (citing 20 C.F.R. § 416.927(d)(2)).

Here, the only other medical assessments the ALJ discussed in his decision were those of Kelly Cunningham, M.D., Ms. Dominguez's primary care physician, and Liz-Beth Porter, M.D.. (AR 44). The ALJ did not, however, address how those assessments were inconsistent with Dr. Jain's opinion. In addition, the ALJ references

the RFC assessments by State Agency physicians as supporting a finding of non-disability, but again fails to discuss the substance of those assessments, or how they may be inconsistent with Dr. Jain's opinion. The ALJ should support his finding by referencing the portions of the record with which Dr. Jain's opinion is allegedly inconsistent on remand. *Krauser*, 638 F.3d at 1331 (citing *Hamlin*, 365 F.3d at 1217) (stating that while it may be possible to assemble support for the ALJ's conclusion from parts of the record cited elsewhere in the decision, that is best left to the ALJ himself on remand).

  Fourth, the ALJ emphasizes that Dr. Jain's opinion "appears to rest largely on an assessment of an impairment(s) outside the doctor's area of expertise," because he is a neurologist, and not a rheumatologist. (AR 45). However, this statement is not supported by the record. Indeed, Dr. Jain states that his opinion is based on MRIs of the cervical and lumbar spine and his neurological examinations, which revealed degenerative disc disease of the spine at the neck, back, and thoracic spine, peripheral neuropathy, decreased reflexes in the arms and legs, and muscle spasms. (AR 391). Although Dr. Jain also mentions a diagnosis of rheumatoid arthritis, his opinion is based on Ms. Dominguez's MRIs and his own neurological examinations.

  Finally, as Ms. Dominguez points out, the ALJ's assertion that Dr. Jain only examined her once is unsupported by the record. While Ms. Dominguez stated in her testimony that Dr. Jain only physically examined her one time, the record reflects that Dr. Jain neurologically examined Ms. Dominguez on several occasions. (AR 327-29, 330-32, 393-94, 395-96).

In sum, the ALJ failed to complete his analysis of Dr. Jain's opinion after he determined that it was not entitled to controlling weight. This error alone requires remand. In addition, the ALJ's reasoning supporting his finding that Dr. Jain's opinion is not entitled to controlling weight is dubious, and is not sufficiently specific or clear to allow this Court to meaningfully review the decision. As a result, this case should be remanded in order for the ALJ to complete his analysis of Dr. Jain's opinion and clarify his reasoning for not giving it controlling weight.

### V. Conclusion

For the reasons discussed above, the Court finds that, considering all of the evidence in the record, the ALJ did not follow the correct legal standards when he considered Dr. Jain's opinion. On remand, The ALJ is directed to properly evaluate Dr. Jain's opinion in accordance with the Regulations. In addition, the ALJ is to clarify his reasoning as to why he did not afford Dr. Jain's opinion controlling weight. The Court does not decide any other issue raised by Ms. Dominguez on appeal, as these matters would be mooted by the proceedings conducted or the disposition reached on remand.

**IT IS THEREFORE ORDERED** that Ms. Dominguez's *Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum*, (Doc. 15), be **GRANTED** and that this case be **REMANDED** to the Commissioner for further proceedings.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE