IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GISELA DOMINGUEZ,

       Plaintiff,

vs.                                                                                                         CIV No. 14-626 CG

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Gisela Dominguez's *Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, With Memorandum in Support* ("Motion"), (Doc. 24), filed October 30, 2015; *Defendant's Response to Plaintiff's Motion for an Award of Attorney's Fees Pursuant to the Equal Access to Justice Act* ("Response"), (Doc. 25), filed November 16, 2015; and Plaintiff's *Reply to Defendant's Response to Plaintiff's Motion for an Award of Attorney's Fees Pursuant to the Equal Access to Justice Act* ("Reply"), (Doc. 26), filed November 20, 2015. Having reviewed the Motion, the Response, the Reply, and relevant law, the Court finds that Plaintiff's Motion is well-taken and should be **GRANTED**.

**I.    Background**

On September 2, 2009, Gisela Dominguez applied for disability insurance benefits and supplemental security income. Ms. Dominguez's claim was initially denied, and again upon reconsideration. A request for a hearing was filed, and a hearing was held before an Administrative Law Judge ("ALJ"), who issued an unfavorable decision.

Ms. Dominguez then filed an application for review by the Appeals Council on April 18, 2012, which was summarily denied.

Thereafter, Ms. Dominguez appealed the ALJ's decision to this Court, arguing that the ALJ committed reversible, legal error by failing to: (i) properly evaluate the medical opinions of Ms. Dominguez's treating neurologist and other non-examining physicians; (ii) render a complete and correct past work finding; and (iii) develop the record, especially with regard to Ms. Dominguez's mental impairment. (Doc. 15 at 4). Because the ALJ did not apply the correct legal standard when evaluating the medical opinion of Ms. Dominguez's treating neurologist, the Court remanded the case to the Commissioner of the Social Security Administration (the "Commissioner") for further proceedings. (Doc. 22).

Ms. Dominguez now moves this Court for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). She argues that an award of fees is appropriate because she is the prevailing party, her net worth is less than $2,000,000.00, and the Commissioner's position in defending the action was not substantially justified. (Doc. 24 at 1).

The Commissioner responds that Ms. Dominguez's request for fees under EAJA should be denied because the Commissioner's position in this case was substantially justified. (Doc. 25 at 1). The Commissioner contends that, given the facts of the case, it was reasonable for the Commissioner to defend the ALJ's decision. (Doc. 25 at 2–4). In Ms. Dominguez's Reply, she asserts that this Court found that the ALJ committed reversible legal error and, because the Commissioner has offered no explanation for the

lack of reasoning in the ALJ's decision, the Commissioner's position was not substantially justified. (Doc. 26 at 2–4).

## II.     Analysis

Pursuant to EAJA, a court is required to award attorney's fees if: "(1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)). Here, the Commissioner only disputes whether her position was substantially justified.

"The test for substantial justification in this circuit is one of reasonableness in law and fact." *Hackett*, 475 F.3d at 1172 (citing *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). In order to be substantially justified, the government's position must be "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The term 'position' includes the government's position both in the underlying agency action and during any subsequent litigation." *Hadden*, 851 F.2d at 1267 (internal citations omitted).

"When an area of law is 'unclear or in flux, it is more likely that the government's position will be substantially justified.'" *Cherry v. Barnhart*, No. 04-5059, 125 Fed. Appx. 913, 916 (10th Cir. Jan. 24, 2005) (unpublished) (citing *Martinez v. Sec'y of Health and Hum. Servs.*, 815 F.2d 1381, 1382 (10th Cir. 1987)). Indeed, "the government's position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (citing *Pierce*, 487 U.S. at 566 n.2). "The government bears the burden of showing that its position was substantially justified." *Gilbert*, 45 F.3d at 1394 (internal citations omitted).

In this case, the Court remanded the ALJ's decision because the ALJ did not apply the correct legal standard when evaluating the medical opinion of Ms. Dominguez's treating neurologist, Pawan Jain, M.D. The Court found that the ALJ failed to complete his analysis of Dr. Jain's opinion after he determined that it was not entitled to controlling weight, which alone required remand. In addition, the Court found that the ALJ's reasoning supporting his finding that Dr. Jain's opinion is not entitled to controlling weight was dubious, or otherwise improper, preventing the Court from being able to meaningfully review the decision. As a result, the Court remanded the case in order for the ALJ to complete his analysis of Dr. Jain's opinion and clarify his reasoning for not giving it controlling weight.

Thus, the issue here is whether the Commissioner has met her burden to show that she was substantially justified in failing to properly analyze and weigh Ms. Dominguez's treating physician's opinion in the administrative decision, and defending that error in the subsequent litigation. *Gilbert*, 45 F.3d at 1394 (internal citations omitted). This Court finds that the Commissioner has not.

The Commissioner argues that her position in defending the ALJ's analysis was substantially justified because Dr. Jain's opinion was inconsistent with his treatment notes, which reflected that Ms. Dominguez was not disabled, and that he only recommended conservative treatment. The Commissioner argues that, while the Court disagreed with the ALJ's assessment of the opinion, the assessment was reasonable nonetheless. However, the question here is not whether it was reasonable to ultimately question or reject Dr. Jain's opinion, but whether it was reasonable for the ALJ to fail to

analyze that opinion in accordance with the law, and for the Commissioner to defend that decision.

As the Court explained in its order, in deciding how much weight to give a treating source opinion, "the ALJ must complete a sequential two-step inquiry, each step of which is analytically distinct." *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011). First, the ALJ must initially determine whether a treating physician's opinion is to be accorded "controlling weight." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). "Such an opinion must be given controlling weight if it is well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record." *Kauser*, 638 F.3d at 1330 (citing *Watkins*, 350 F.3d at 1300). "If the opinion is deficient in either of these respects, it is not to be given controlling weight." *Id.*

Second, if the opinion is not accorded controlling weight, "the ALJ must make clear how much weight the opinion is being given . . . and give good reasons . . . for the weight assigned." *Kauser*, 638 F.3d at 1330 (citing *Watkins*, 350 F.3d at 1300–01). "Thus, a deficiency as to the conditions for controlling weight *raises the question* of how much weight to give the opinion, it does not resolve the latter, distinct inquiry." *Id.* at 1330–31 (citing *Langley*, 373 F.3d at 1120). Indeed, "even if a treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [the Regulations]." *Langley*, 373 F.3d at 1119 (internal citations and quotations omitted). This set of factors is summarized as follows:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship,

5

> including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins*, 350 F.3d at 1300–01; *see* 20 C.F.R. §§ 404.1527(c)–(d), 416.927 (c)–(d). The ALJ must give good reasons—reasons that are "sufficiently specific to [be] clear to any subsequent reviewers"—for the weight that he ultimately assigns to the opinions. *Langley*, 373 F.3d at 1119 (citations omitted).

Here, the ALJ determined that Dr. Jain's opinion was not entitled to controlling weight, but did not engage in the second step of the inquiry. The ALJ did not state how much weight he would afford Dr. Jain's opinion, or explain his reasons for doing so. Under the Regulations and this Circuit's case law, this was legal error. *Krauser*, 638 F.3d at 1331. The Commissioner has not offered any reasonable explanation for the ALJ's failure to properly weigh Dr. Jain's opinion, and therefore has not shown that her position was substantially justified. *Chester v. Apfel*, No. 00-7021, 1 Fed. Appx. 792, 794–95 (10th Cir. Jan. 4, 2001) (unpublished) (finding that the Commissioner's position was not substantially justified where there was no reasonable legal basis for the ALJ's glaring legal error).

The Commissioner suggests that, although the ALJ did not expressly state the exact weight he assigned Dr. Jain's opinion, it does not necessarily follow that the Commissioner's position was not substantially justified. (Doc. 25 at 3). To be sure, this Circuit has held that courts "cannot insist on technical perfection," and that, where a court "can follow the adjudicator's reasoning in conducting [its] review, and can determine that correct legal standards have been applied, merely technical omissions in

6

the ALJ's reasoning do not dictate reversal." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). The Commissioner also cites to cases outside this circuit for the proposition that deficiencies in articulating the weight afforded a medical opinion alone do not generally warrant an award of EAJA fees. (Doc. 25 at 3–4). In these cases, courts found that the Commissioner's position was substantially justified where the ALJ failed to sufficiently articulate his consideration of the evidence in the record. *See Cunningham v. Barnhart*, 440 F.3d 862, 865 (7th Cir. 2006); *Stein v. Sullivan*, 966 F.2d 317, 319–320 (7th Cir. 1992).

However, this case is not a case where the ALJ simply failed to articulate the weight given to a medical opinion, or where the Court can otherwise follow the ALJ's reasoning. Indeed, the ALJ completely omitted the second half of the treating physician analysis from the decision. Moreover, in its order, the Court explained that even the reasons the ALJ provided for his finding that Dr. Jain's opinion was not entitled to controlling weight were not entirely clear, unsupported by the record, or otherwise improper. (Doc. 22 at 11–13). The law of this Circuit is clear that where an ALJ's analysis of medical opinions precludes the court from conducing any meaningful review of that analysis, the ALJ has committed legal error and the case must be remanded to the Commissioner for further proceedings. *Kauser*, 638 F.3d at 1331. Likewise, the Commissioner is not substantially justified in defending such an error. *Groberg v. Astrue*, No. 11-4173, 505 Fed. Appx. 763, 768–69 (10th Cir. Dec. 14, 2012) (unpublished) (upholding district court's finding that Commissioner's position in favor of the ALJ's decision was not substantially justified when ALJ rejected medical opinions for unsupportable reasons).

The Commissioner further argues throughout her briefing that in determining whether her position was substantially justified, the question is not whether the ALJ's decision is supported by substantial evidence, but whether the Commissioner's position was reasonable in law and fact. (Doc. 25 at 3–4). The Court agrees that the standard for whether a position is substantially justified is one of reasonableness. However, the Court finds that the Commissioner's defense of the ALJ's failure to properly weigh Ms. Dominguez's treating physician's opinion, in contravention of the Regulations and well-settled case law, was not reasonable.

Therefore, based on these critiques of the ALJ's analysis of Dr. Jain's medical opinion, this Court finds that the Commissioner has not shown that her position at the administrative level and in defending the ALJ's decision was substantially justified.

### III. Conclusion

For the reasons discussed above, the Court concludes that the Commissioner was not substantially justified in its position in the underlying agency action and the subsequent litigation. Accordingly, Ms. Dominguez is entitled to award of attorney's fees under EAJA.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Attorney Fees Under Equal Access to Justice Act (EAJA), With Supporting Memorandum*, (Doc. 29), be **GRANTED** and that attorney fees be, and hereby are, awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), payable to Plaintiff in the amount of $6,962.46. *See Astrue v. Ratliff*, 130 S. Ct. 2521 (2010) (EAJA fees are paid to the plaintiff, not the plaintiff's attorney).

**IT IS FURTHER ORDERED THAT**, if Plaintiff's counsel receives attorney fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE